REGAN, Judge.
Plaintiff, Robert G. “Bob” Hebert, an unsuccessful candidate for the office of mar-shall of the City of Kenner, Louisiana, instituted this suit against the defendants, the Democratic Executive Committee for the city, and Fred Roth, the runner-up in this election, who has been certified by the defendant committee as a candidate in the second Democratic primary, endeavoring to have the defendant committee certify plaintiff, instead of Roth, as the runner-up and as a candidate in the second primary. Plaintiff asserts that nine illegal votes were cast for Roth, which, if subtracted from the promulgated returns, would leave plaintiff in the second position. In the alternative, the plaintiff requested the court to order the defendant committee to call another first primary election and nullify the results of this one.
With respect to plaintiff’s alternative plea for nullification, the defendant committee pleaded the exception of non-joinder of an indispensable party defendant, Salvador Lentini, who received the largest number of votes in this election. This exception was maintained and the trial court refused to permit plaintiff to join Lentini as a party defendant herein.
The defendant committee’s answer consisted of a general denial, and in addition thereto, it asserted that a total of 23 protested votes had been cast and promulgated in the returns.
The defendant Roth’s answer also consisted of a general denial; however, in the alternative, he alleged that 23 illegal votes had been cast, and he therefore requested the court to issue an order requiring the defendant committee to call a new first primary election.
*237 From a judgment dismissing plaintiff’s suit, he has prosecuted this appeal.
Plaintiff argues, relative to the exception of non-joinder, that the trial court improperly refused to permit the joinder of Len-tini so that the alternative demand could he considered.
There exists no doubt that were this issue to be decided, Lentini would, of necessity, be an indispensable party since he received the largest number of votes case. However, we do not think the trial judge erred in refusing plaintiff’s request to join Lentini, in view of the fact that election contests must be expeditiously heard and decided so that they will not become moot before they are fully litigated, and the join-der of Lentini would have permitted another substantial delay, since the defendant is entitled to five days within which to answer a suit of this nature.
Turning our attention to the merits hereof, the record discloses that the first primary election for marshall occurred on April 7, 1962 and the results were promulgated on April 13, 1962, with the following tally thereof recognized by the defendant committee :
Lentini 1059
Roth 1059
Hebert 1054
It is also conclusively established that 21 persons voted illegally since they were not registered as Democrats, but had voted in a Democratic primary under protest. They all testified for whom they had voted in the election and among this group the vote was as follows:
For Roth 10
For Hebert 4
For other candidates 7

~21

Thus, with respect to the litigants competing for certification in the second primary, were this testimony all accepted at face value and the illegal votes deducted from the promulgated results, the tally would then be:
For Roth 1049
For Hebert 1050
There is no dispute that the four illegal votes for Hebert were actually cast for him and the record fully supports this finding.
However, with respect to those witnesses who testified that they had voted for Roth, the trial judge expressed the opinion that he did not believe three of these witnesses.
One of the witnesses the trial court disbelieved was Jack Norris, who had been employed by plaintiff until two months before the election. During the campaign preceding the first primary, Norris placed large signs on his truck which urged the electorate to cast their ballots for Hebert. Although the signs had been removed for a short period of time during the campaign, Norris again placed them on his truck and they were still there when the election occurred. Despite this public manifestation that Norris was supporting Hebert, he testified that he had voted for Roth. Under these circumstances, we are of the opinion that the trial court properly discounted his testimony.
Another witness who testified that that he had voted. for Roth was Robert Smith, who initially related that he voted for the candidate who ran third. This was Hebert. Later, he asserted that he had voted for the second candidate, whom he referred to as “Ross”. In addition thereto, he could not remember the names of any other candidate he had cast his ballot for in this municipal election, which involved the offices of mayor, aldermen and mar-shall. The trial judge discounted his testimony with the comment that this witness did not appear to have a reliable memory, and we think the court’s evaluation of this testimony was quite correct.
*238 Thus, discounting the testimony of two witnesses who stated that they had voted for Roth, the result would then be:
Rom i — i o
Hebert o o
While there is other testimony inscribed m the record which taxes our credulity, all of which emanated from witnesses who stated they voted for Roth, we find that it is unnecessary to engage in a protracted discussion thereof because, if only two of plaintiff’s witnesses are discredited, he has failed to carry the burden of proving that sufficient illegal votes were cast for the runner-up, Roth, such as would entitle plaintiff to be certified as a candidate in the second primary.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.